**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-14431-RAR**

**GREGORY ANGELO FERRARO**,

 Petitioner,

v.

**MARK S. INCH**,

 Respondent.
_____/

**ORDER OF DISMISSAL**

**THIS CAUSE** comes before the Court on Petitioner's *pro se* Amended Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 in which Petitioner challenges the state court judgment in Case No. 2011-CF-002629, entered in the State Circuit Court in and for St. Lucie County, Florida. *See* Amended Petition [ECF No. 9] ("Am. Pet."). Rule 4 of the Rules Governing Section 2254 Cases authorizes courts to dismiss a habeas petition arising under § 2254 "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See also* 28 U.S.C. § 2243 (authorizing courts to dismiss a case without an order to show cause issuing "unless it appears from the application that the applicant or person detained is not entitled" to relief). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (quoting Rule 4 of the Rules Governing Section 2254 Cases).

As explained herein, Petitioner's claims rest on bare and conclusory allegations. Accordingly, based on the foregoing authorities and for the reasons stated herein, the Amended Petition is **DISMISSED** as legally insufficient on its face.

## **STANDARD OF REVIEW**

"As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Some of the more restrictive limits are found in § 2254(d). Under that provision, a federal court may grant habeas relief from a state court judgment only if the state court's decision on the merits was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

However, courts retain the authority to review claims *de novo* and look beyond AEDPA's deferential standard if the claims would be denied under *de novo* review. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review."); *see also Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109–10 (11th Cir. 2012) ("We need not resolve the question of the proper standard of deference to the Florida Supreme Court's adjudication . . . Instead, we adopt an approach the United States Supreme Court itself has employed when a petitioner fails to show prejudice even under *de novo* review[.]"); *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014) ("Such a showing is not enough to establish ineffectiveness under a *de novo* application of *Strickland*—much less justification for upsetting the Georgia high court's decision under § 2254(d)(1).").

Under either standard, habeas litigants remain subject to a heightened pleading standard throughout habeas proceedings. *See generally Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (explaining the "heightened pleading requirement" applicable during habeas review).

## **APPLICABLE LAW**

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate "that (1) his counsel's performance was deficient and 'fell below an objective standard of reasonableness,' and (2) the deficient performance prejudiced his defense." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quoting *Strickland*, 466 U.S. at 687–88).

The deficiency prong is met if "no competent counsel would have taken the action that [the litigant's] counsel [took]" during the proceedings. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). So, if "*some* reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted[,]" counsel did not perform deficiently. *See Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)) (cleaned up) (emphasis added). "Under *Strickland*, a defendant is prejudiced by his counsel's deficient performance if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Porter v. McCollum*, 558 U.S. 30, 40 (2009) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466

U.S. at 694. And yet, the error must also be "so serious" that the error "deprive[d] the defendant of a fair trial, a trial whose result is reliable[,]" in order to satisfy the prejudice prong. *Strickland*, 466 U.S. at 687.

Bare and conclusory allegations are not enough to meet this standard, as petitioners bear the burden of proof and that burden can only be met with specific allegations. *See, e.g.*, *id.* at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim[.]"); *cf. Borden*, 646 F.3d at 810 (explaining the "heightened pleading requirement" applicable during habeas review).

## ANALYSIS

### A. Ground One

In Ground One, Petitioner raises seven discrete subclaims. All are legally deficient and commit the same error. First, Petitioner argues Counsel was ineffective for failing to present evidence that he "did not kill [the] victim." Am. Pet. at 5. Petitioner never identifies what evidence Counsel failed to present and, therefore, this claim is deficient on its face. *See Strickland*, 466 U.S. at 690 (describing the presumption that counsel performed reasonably); *id.* at 695 ("The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision."); *Borden*, 646 F.3d at 810 (explaining "heightened pleading"); *Johnson*, 256 F.3d at 1176 (stating prisoners bear the burden of proof).

Second, Petitioner argues Counsel "failed to present" evidence that he discharged a firearm "out of fear of imminent bodily harm." Am. Pet. at 5. Petitioner, however, never elaborates how he would have supported such a theory, so the speculative and conclusory nature of his allegations renders this subclaim legally deficient. *See Strickland*, 466 U.S. at 690 (requiring a prisoner to specify the acts or omissions demonstrating counsel's presumptively adequate performance was unreasonable); *id.* at 694 (requiring a probability sufficient to undermine confidence in the outcome to satisfy prejudice); *Borden*, 646 F.3d at 810 (detailing the "heightened pleading" standard applicable on habeas review); *Johnson*, 256 F.3d at 1176 (stating prisoners bear the burden of proof on both *Strickland* prongs).

Third, Petitioner claims Counsel failed to prove that his co-defendant killed the victim after Petitioner retreated the scene. Am. Pet. at 5. Even if true, Petitioner has not articulated what evidence Counsel should have relied upon to support this theory. *See Strickland*, 466 U.S. at 690 (requiring prisoners to identify the acts or omissions at issue); *Borden*, 646 F.3d at 810 (detailing the "heightened pleading" standard on habeas review). Without such allegations, Petitioner has failed to overcome the presumption that Counsel performed reasonably. *See Strickland*, 466 U.S. at 690. And, without more specific allegations, he has not shown that but for Counsel's unprofessional errors, the result of the proceeding would have been different. *See Porter*, 558 U.S. at 40; *Borden*, 646 F.3d at 810.

Fourth, Petitioner claims Counsel was ineffective by arguing in favor of a manslaughter defense because it shifted the burden of proof. Am. Pet. at 5. Petitioner advances no allegations articulating why Counsel could not rely on a manslaughter defense for strategic reasons. *See Strickland,* 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *Johnson*,

256 F.3d at 1176 (articulating that prisoners bear the burden of proof). After all, Petitioner was charged and ultimately convicted of first-degree murder. Am. Pet. at 1. Thus, without any allegations clarifying why Counsel's reliance on a lesser included offense was unreasonable and unviable, *see generally Reynolds v. Chapman*, 253 F.3d 1337, 1341 (11th Cir. 2001) (showing an attorney's strategy was characterized as successful because the defendant was convicted on a lesser included offense), Petitioner has not overcome the presumption of Counsel's reasonable performance, *see Strickland, 466 U.S.* at 690. The Petitioner's allegations are also too bare and conclusory to support the prejudice prong. *See Borden*, 646 F.3d at 810 (articulating the "heightened pleading" standard); *Johnson*, 256 F.3d at 1176 (stating prisoners bear the burden of proof on both *Strickland* prongs).

Fifth, Petitioner claims Counsel was ineffective for failing to present bullet trajectory evidence. Am. Pet. at 5. Counsel's conduct is entitled to a strong presumption that he performed reasonably. *See Strickland,* 466 U.S. at 690. And Petitioner does not articulate how bullet trajectory testimony would have been helpful, persuasive, or material at trial. Nor has Petitioner suggested that such evidence exists. In other words, his claim is too bare and conclusory to satisfy either prong of *Strickland*. *Id.* at 690 (requiring prisoners to identify what acts or omissions rendered counsel's presumptively reasonable performance unreasonable); *Hittson*, 759 F.3d at 1265 ("[G]eneralized allegations are insufficient in habeas cases . . . [P]etitioners [are, instead, required] to specify all the grounds for relief available to the petitioner and state the facts supporting each ground." (internal quotations marks omitted)); *id.* at 1271 ("Apart from broad statements that trial counsel's investigation was not thorough enough, Hittson does not identify what additional investigatory steps his attorneys should have taken; he has not identified a single piece of mitigating evidence that his attorneys failed to discover; [and] he has not explained how

that undiscovered evidence should have been presented to the jury . . . [Therefore,] Hittson has not alleged any facts to warrant a finding of *Strickland* prejudice.").

Sixth, Petitioner claims Counsel failed to cross-examine a witness and a gun expert. Am. Pet. at 5. He, predictably, has submitted no allegations articulating what benefit could have been yielded by cross-examining these witnesses—or on what issues Counsel should have pressed the witnesses on. "The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001) (cleaned up). Since Petitioner provides no reasonably specific allegations to support this claim, he has not overcome the presumption that Counsel acted reasonably by choosing not to cross-examine certain witnesses or that there is a reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 690 (discussing the presumption that counsel acted reasonably); *Hittson*, 759 F.3d at 1271 (showing a lack of specificity fails to satisfy the prejudice prong); *Fugate*, 261 F.3d at 1220 ("Ineffective assistance, however, will not be found merely because other testimony might have been elicited from those who testified." (cleaned up)); *Johnson*, 256 F.3d at 1176 (setting forth the burden of proof).

Lastly, Petitioner contends Counsel failed to present forensic evidence proving his co-defendant killed the victim. Am. Pet. at 5. Petitioner, following his pattern of submitting only conclusory allegations, does not detail what forensic evidence—if any—existed. Federal habeas review is not the time to embark on a "fishing expedition" in "an effort to find evidence to support a claim." *Hittson*, 759 F.3d at 1271 (quoting *Borden*, 646 F.3d at 810 n.31)) And, without any allegations illuminating what forensic evidence existed, how such evidence should have been presented to the jury, or why Counsel's approach was unreasonable, Petitioner has not met his burden under either prong. *See Strickland*, 466 U.S. at 690 (discussing the strong presumption

that counsel acted reasonably); *Hittson*, 759 F.3d at 1265, 1271 (showing habeas litigants must state their claims with particularity and that a lack of specificity, in turn, fails to satisfy the prejudice prong); *Johnson*, 256 F.3d at 1176 (emphasizing that prisoners bear the burden of proof on both prongs when presenting a *Strickland* claim).

### B. Ground Two

Within Ground Two, Petitioner argues Counsel was ineffective for "failing to effectively impeach" a witness with the witness's prior inconsistent statements regarding "petitioners [sic] involvement" and of a "deal" that the witness "made with [the] State Attorney." Am. Pet. at 7. But Petitioner's allegation that Counsel "fail[ed] to effectively impeach" this witness is vague and conclusory without more specificity as to how Counsel failed to impeach this witness, what the inconsistent statements were, and whether the jury heard of the "deal" and of the witness's allegedly inconsistent statements. Thus, this claim is facially deficient on all prongs. *See Strickland,* 466 U.S. at 690 (requiring prisoners to identify the acts or omissions at issue and establishing the strong presumption of competent performance); *Hittson*, 759 F.3d at 1265, 1271 (showing habeas litigants must state their claims with particularity and that a lack of specificity cannot satisfy the prejudice prong); *Johnson*, 256 F.3d at 1176 (explaining prisoners bear the burden of proof on both *Strickland* prongs).

### C. Ground Three

Petitioner, in Ground Three, argues Counsel was "ineffective for failing to investigate, depose[,] and call for trial Michael Ferrara whose testimony was critical [to] Petitioners [sic] theory of defense." Am. Pet. at 8. This "theory of defense" was not articulated in Ground Three, and Petitioner submits no allegations that this witness would have testified at trial. Nor has Petitioner hinted at what this uncalled witness would have stated at trial. The Petitioner, therefore,

comes nowhere close to meeting his burden under either prong of *Strickland* with his vague and conclusory allegations. *See Strickland,* 466 U.S. at 690; *Hittson*, 759 F.3d at 1265, 1271; *Johnson*, 256 F.3d at 1176.

### D.  *Ground Four*

As his final claim for relief, Ground Four, Petitioner argues Counsel (a) "failed to investigate and present [a] self-defense" theory which would have been a "viable defense" at trial, (b) failed to "investigate exculpatory witnesses," (c) "failed to cross-examine [a] gun expert about live round[s]," and (d) failed to present evidence that Petitioner fired [his weapon] out of fear of imminent bodily harm." Am. Pet. at 11. Petitioner, therefore, has submitted four subclaims to support this claim.

None entitles him to relief. To explain this deficiency, the Court will first address the second through fourth subclaims prior to discussing the broader issue presented within the first subclaim. In the second subclaim, which is Petitioner's claim that Counsel failed to investigate exculpatory witnesses, Petitioner never identifies who these exculpatory witnesses are, what they would have said, and how that would have helped him at trial. Am. Pet. at 11. This subclaim—like all of Petitioner's other claims—is, therefore, too speculative and conclusory to satisfy either prong of *Strickland*. *See Strickland,* 466 U.S. at 690; *Hittson*, 759 F.3d at 1265, 1271; *Johnson*, 256 F.3d at 1176.

Regarding Petitioner's third subclaim, Petitioner contends Counsel was ineffective for not cross-examining a gun expert about live rounds. Am. Pet. at 10. The decision to limit the questions asked of a witness, or even the decision not to cross-examine a witness at all, is usually a strategic one. *See Fugate*, 261 F.3d at 1219 ("The decision as to whether to cross-examine a witness is a tactical one well within the discretion of a defense attorney."). And Petitioner, yet again, submits

no allegations as to what the benefit would have been at trial had Counsel cross-examined a gun expert about live rounds. Without any specific allegations, Petitioner has not overcome the presumption that Counsel acted reasonably. *See Strickland,* 466 U.S. at 690; *Fugate*, 261 F.3d at 1220; *Johnson*, 256 F.3d at 1176. Even if Counsel were deficient for not cross-examining this witness, Petitioner has not provided any allegations to explain why testimony on that issue had any effect on the outcome of his trial. *See* Am. Pet. at 10. Consequently, Petitioner also has not provided allegations that could establish prejudice. *See Hittson*, 759 F.3d at 1265, 1271.

Petitioner's fourth subclaim submits Counsel was ineffective for failing to argue that Petitioner discharged a firearm "out of fear of imminent bodily harm." Am. Pet. at 10. This is the same claim the Court addressed, *supra*, in Ground One. *See also* Am. Pet. at 5. But Petitioner, as previously stated, never articulates how Counsel should have supported such a theory thereby rendering this claim legally deficient on its face. *See Strickland*, 466 U.S. at 690 (stating counsel is presumed to perform reasonably and that a party must identify the alleged errors); *Hittson*, 759 F.3d at 1265, 1271 (articulating that claims must be stated with particularity on habeas review and showing a prisoner's failure to do so resulted in him not satisfying the prejudice prong); *Johnson*, 256 F.3d at 1176 (explaining prisoners bear the burden of proof).

Turning back to the first subclaim within Ground Four, the claim that Counsel "failed to investigate and present [a] self-defense [theory]," it is simply a rewording of another claim presented in Ground One, *see* Am. Pet. at 5, which the Court has already addressed *supra*. The Court must presume that Counsel acted pursuant to a reasonable strategy. *See Strickland,* 466 U.S. at 690. And Petitioner conceded that his attorney pursued a defense that sought a conviction on the lesser included offense of manslaughter as opposed to first-degree murder. *See* Am. Pet. at 5. Because Petitioner advances no allegations pertinent to whether Counsel's strategy was

unreasonable, and no specific allegations as to how Counsel should have argued a self-defense theory or even as to what evidence Counsel actually had available to him, this claim is too bare and conclusory to support either prong of *Strickland*. *See Strickland*, 466 U.S. at 690; *Hittson*, 759 F.3d at 1265, 1271; *Johnson*, 256 F.3d at 1176.

## EVIDENTIARY HEARING

No evidentiary hearing is warranted in this matter. *See Shriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the [state court] record refutes the applicant's factual allegations or *otherwise precludes habeas relief*, a district court is not required to hold an evidentiary hearing." (emphasis added)).

## CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A habeas petitioner has no absolute entitlement to appeal a district court's final order denying his habeas petition. Rather, to pursue an appeal, a petitioner must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And "[w]here a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

Reasonable jurists would not find the Court's determination of factual and legal deficiency debatable in this case. Here, Petitioner repeatedly makes the same kinds of vague and conclusory allegations that are far too generalized to state a claim for relief in a habeas action. *See Hittson*, 759 F.3d at 1265 ("[G]eneralized allegations are insufficient in habeas cases."). Accordingly, a COA shall not issue.

## CONCLUSION

In short, because Petitioner has not met his burden of showing Counsel was ineffective under a *de novo* standard,[1] he certainly cannot meet § 2254(d)'s more onerous standard even if it applies. *See Berghuis*, 560 U.S. at 390. Having carefully reviewed the record and governing law, it is hereby

**ORDERED AND ADJUDGED** that the Amended Petition [ECF No. 9] is **DISMISSED**. A certificate of appealability is **DENIED**, and an evidentiary hearing is **DENIED**. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of April, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Worth mentioning, the Court warned Petitioner that "[h]abeas proceedings, unlike ordinary civil proceedings are subject to a heightened pleading standard." Order of Instructions [ECF No. 3] at 1 (citing *Borden*, 646 F.3d at 810). And, in the Court's efforts to alert Petitioner of this unique standard, the Order of Instructions further cautioned Petitioner "that any claims that fail to meet this [heightened pleading] standard shall be summarily dismissed or denied." *Id.* at 2. In fact, the Court informed Petitioner of this heightened pleading standard, again, in the Order to Amend, *see* Order to Amend [ECF No. 5] at 1–2, and alerted him that "any claims lacking sufficient factual support will be subject to dismissal" without "further amendments [being] permitted," *see id.* at 3. Moreover, Petitioner used a prescribed form that provided him with additional (indirect) notice of the heightened pleading standard applicable in this proceeding. *See* Am. Pet. at 5 ("State the facts supporting each ground . . . Do not argue or cite law. Just state the specific facts that support your claims."). Petitioner, therefore, cannot argue later that he did not understand these warnings or the applicable standard.

cc: Gregory Angelo Ferraro
204341
St. Lucie County Jail
Inmate Mail/Parcels
900 North Rock Road
Fort Pierce, FL 34945
PRO SE